Conformed Copy

1  Gene Williams (SBN 211390)
   GWilliams@InitiativeLegal.com
2  David M. Medby (SBN 227401)
   DMedby@InitiativeLegal.com
3  Sue J. Kim (SBN 256392)
   SKim@InitiativeLegal.com
4  Initiative Legal Group APC
5  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
6  Telephone: (310) 556-5637
7  Facsimile:  (310) 861-9051

8  Attorneys for Plaintiff LAURA HEINTZ

9



FILED
CLERK U.S. DISTRICT COURT

NOV - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10              **UNITED STATES DISTRICT COURT**

11    **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

12

**CV11- 09311** SVW (MRW)

13  LAURA HEINTZ, individually, and on   Case Number:
14  behalf of a class of similarly situated
    individuals,
15                    Plaintiff,            **CLASS ACTION COMPLAINT
                                            FOR:**
16         v.
    AMERICAN HONDA MOTOR CO.,           **(1)   Violations of California
17  INC., a California corporation, HONDA       Consumer Legal Remedies Act**
18  NORTH AMERICA, INC., AND
    HONDA MOTOR COMPANY, LTD.,         **(2)   Violations of Unfair Business
19                                             Practices Act**
20          Defendants.
                                        **(3)   Fraud**
21
22                                      **(4)   Breach of Written Warranty
                                               under the Magnuson-Moss
23                                             Warranty Act, 15 U.S.C. §
                                               2301 et seq.**
24
25                                      **(5)   Breach of Express Warranty
                                               under CAL. COM. CODE § 2313**
26
                                        **JURY TRIAL DEMANDED**
27
28

# INTRODUCTION

1.     Plaintiff LAURA HEINTZ ("Plaintiff") bring this action individually and on behalf of all similarly situated persons ("Class Members") who purchased or leased certain defective Honda Odyssey vehicles that were designed, manufactured, distributed, marketed, sold, and leased by Defendants, American Honda Motor Co., Inc., Honda North America, Inc., and Honda Motor Company, Ltd. (collectively "Honda" or "Defendants").

2.     Defendants designed, manufactured, distributed, marketed, sold, and leased model year 2005 through 2009 Honda Odyssey vehicles ("Class Vehicles" or "Vehicles") to Plaintiff and Class Members.

3.     Beginning in 2005, if not before, Defendants knew or should have known that the Class Vehicles contain one or more design and/or manufacturing defects, including but not limited to defects contained in the Class Vehicles' torque converters that suddenly, and without warning, prevent the Class Vehicles from accelerating or maintaining their speed ("torque converter defect").

4.     A torque converter transfers power from the engine to the transmission of an automatic transmission vehicle.  It transmits the engine torque to the transmission and allows a vehicle to come to a stop with the engine still running, generates power for a vehicle to gain acceleration out of a dead stop, absorbs vibration from the engine and drivetrain, and helps overall transmission functionality.

5.     The torque converter defect affects the Class Vehicles' ability to accelerate and decelerate under the driver's control, as well as overall transmission performance.  As a result of this defect, the Class Vehicles vibrate or judder while being driven typically at 20-45 mph or while being driven on an up or down grade. While the Class Vehicles violently vibrate or judder, the transmission slips causing the Class Vehicles to hesitate for an interval of time in its forward

1  trajectory before abruptly and violently kicking forward with a sudden burst of

2  acceleration akin to a slingshot effect.

3      6.      The Class Vehicles present a safety hazard and are unreasonably

4  dangerous to consumers.  Torque converters are one of the most important

5  mechanical components for vehicle control and safe driving.  This is because it is

6  absolutely crucial for a driver to be able to maintain control of a vehicle's

7  acceleration and speed and the torque converter plays a crucial role in the safe

8  operation of a vehicle.

9      7.      The Class Vehicles present a safety hazard and are unreasonably

10  dangerous to consumers because an improperly functioning torque converter

11  causes the Class Vehicles' sudden and unpredictable forward acceleration shortly

12  after violently vibrating or juddering, which in turn can have serious

13  consequences.  For example, the sudden forward acceleration of the Class

14  Vehicles can cause collisions with other vehicles, pedestrians, and objects as the

15  Class Vehicles are momentarily out of the driver's control, which can lead to

16  property damage, personal injuries, and even death.

17      8.      In addition to these safety hazards, the cost to repair the torque

18  converter defect and the damage that it causes (*i.e.*, the cost of a replacement

19  torque converter) can be exorbitant because consumers will be required to pay

20  hundreds, if not thousands, of dollars to prematurely replace the defective torque

21  converter.  Additionally, Plaintiff is informed and believes and thereon alleges that

22  if the torque converter is not replaced in time, the defective torque converter can

23  consequently damage the Class Vehicles' transmission.

24      9.      Plaintiff is informed and believes and based thereon allege that

25  Defendants knew or should have known that the Class Vehicles are defective and

26  not fit for their intended purpose of providing consumers with safe and reliable

27  transportation.  Nevertheless, Defendants have actively concealed and failed to

28

**CLASS ACTION COMPLAINT**

1    disclose this defect from Plaintiff and the Class Members at the time of purchase

2    or lease and thereafter.

3         10.    Plaintiff is also informed and believes and based thereon allege that

4    as the number of consumer complaints about the torque converter defect

5    increased, in 2009, Defendants issued two separate notices.

6         11.    On July 14, 2009, Defendants first issued a notice in the form of a

7    technical service bulletin ("TSB") to only its dealers acknowledging the torque

8    converter defect for all 2007 and 2008 Honda Odyssey vehicles and only a select

9    2009 Honda Odyssey LX, EX, EX-L, and Touring vehicles.[1]  A true and correct

10   copy of this TSB is attached hereto as Exhibit 1.

11        12.    Specifically, in this TSB, Honda first instructed its dealers to update

12   the PCM A/T (powertrain control module)[2] software in order to "minimize the

13   judder."  Further, Honda advised its dealers that, "If the judder returns sometimes

14   in the future, after the PCM A/T software is updated, the torque converter would

15   need to be replaced."  These instructions serve as an acknowledgement that the

16   PCM A/T software update is only a temporary repair and will not fix the torque

17   converter defect because Defendants concede that the defect can return and the

18   only way it can be fixed is to replace the torque converter.

19        13.    Furthermore, in this TSB, Honda admits that the torque convertor

20   defect is a serious safety concern.   Specifically, Honda informs its dealers that,

21   "Should an unrepaired vehicle that was in inventory, or that came in for service

22   after this service bulletin was issued, cause an injury or property damage because

23   of the campaigned item, the dealership will be solely responsible to the damaged

---

[1] Upon information and belief, Defendant excluded the 2005 through 2006 Honda Odyssey because they were no longer under warranty and in Defendant's judgment were no longer worth its temporary repair.

[2] The PCM A/T (power train module) is an onboard computer that monitors the engine control of a vehicle.

1    party, and will be required to defend and indemnify American Honda for any

2    resulting claims."

3        14.    On or around July 2009, Honda issued a separate notice to consumers

4    ("consumer notice").  In this notice, Honda only informed the owners of 2007

5    through 2009 Honda Odyssey of its PCM A/T temporary repair update.  Honda

6    did not inform these consumers that this is a temporary repair and that to fix the

7    issue, the entire torque convertor had to be replaced.   However, more troubling is

8    Honda's failure to notify these consumers about the serious safety hazards of the

9    torque convertor defect.  Plaintiff is informed and believes that had Honda failed

10   to disclose the safety hazards of the convertor torque defect in its consumer notice

11   because it would have essentially admitted to these consumers that Honda sold

12   them vehicles with known safety defects.

13       15.    Even worse, although the TSB and the consumer notice were

14   applicable to all the Class Vehicles herein, Honda chose not to notify the owners

15   of the 2005 through 2006 Honda Odyssey of this defect and excluded them

16   altogether from the TSB.

17       16.    Plaintiff is informed and believes and thereon alleges that Honda

18   failed to notify these owners of this safety defect because the majority of the

19   vehicles belonging to these consumers were no longer under warranty, and in

20   Defendants' judgment were no longer worth its temporary repair.  Moreover,

21   Honda did not want to alert these consumers to these repairs because it would

22   have essentially admitted that it sold to these consumers vehicle with known

23   safety defects that it failed to repair under warranty.

24       17.    Plaintiff is further informed and believes and based thereon alleges

25   that Honda is a aware that its  PCM A/T (powertrain control module) software

26   update is only a temporary repair and implemented it to ensure that the fix lasts

27   only long enough so that the manifestations of the torque converter defect occurs

28   outside of the vehicle's express warranty.  This is because Honda finds it cheaper

to update the PCM A/T under warranty as opposed to replacing the defective torque converter altogether. Thus, Honda's PCM A/T software update ultimately leaves consumers with defective vehicles that continue to suffer from the torque converter defect, the need for costly repairs, as well as the associated safety hazards. Indeed, Honda and its dealers will profit handsomely from such repairs when charging class members hundreds, if not thousands of dollars, outside of warranty for such repairs.

18. Plaintiff is informed and believes and based thereon allege that despite notice of the defect from numerous consumer complaints and dealership repair orders, Defendants have not recalled the Class Vehicles to repair the defect, has not offered its customers a suitable repair or replacement free of charge, and has not offered to reimburse the Class Vehicles' owners and leaseholders the costs they incurred relating to diagnosing and repairing the torque converter defect and the related damage that it causes.

19. Honda knew and concealed the torque converter defect that is contained in every Class Vehicle, along with the attendant dangerous safety problems and associated repair costs, from Plaintiff and Class Members both at the time of sale and repair and thereafter. Had Plaintiff and the Class Members known about this defect at the time of sale or lease, Plaintiff and the Class Members would not have purchased the Class Vehicles or would have paid less for them. As a result of their reliance on Defendants' omissions and/or misrepresentation, owners and/or lessees of the Class Vehicles have suffered ascertainable loss of money, property, and/or loss in value of their Class Vehicles.

20. Additionally, as a result of the torque converter defect contained in the Class Vehicles, Plaintiff and the Class Members have been harmed and have suffered actual damages in that the Class Vehicles and their torque converters have failed or are substantially certain to fail before their expected useful life has run.

# PARTIES

## PLAINTIFF LAURA HEINTZ:

21.　　Plaintiff LAURA HEINTZ is a Wisconsin citizen who lives in Spring Green, Wisconsin.  Ms. Heintz purchased a new 2005 Honda Odyssey EX-L from a Honda dealer on or about July 15, 2005.  Ms. Heintz purchased this vehicle primarily for her personal, family, or household purposes.  This vehicle was designed, manufactured, sold, distributed, advertised, marketed, and warranted by Honda, and bears the Vehicle Identification No. 5FNRL38735B115525.

22.　　During the first 3 years/ 36,000 miles, Plaintiff noticed the defect alleged herein which Honda failed to repair under warranty.

23.　　It was not until after Plaintiff's warranty had expired that Honda replaced the torque convertor on Plaintiff's vehicle.

24.　　On July 3, 2008, with approximately 47,279 miles on the odometer, Plaintiff visited Honda dealer, Zimbrick Honda of Madison, complaining that "vehicle jerks upon accel[eration]" and her vehicle "will jerk while keeping constant speed (city)."  However, the Honda dealer claimed that it was unable to verify the concern and did not perform any repairs.

25.　　On October 14, 2008, with approximately 52,263 miles on the odometer, Plaintiff visited said Honda dealer again complaining that at highway speeds, her vehicle "shutters," and that there is a "vibration type feeling" and "car seems to shift more often."  The Honda dealer verified Plaintiff's concern and replaced the vehicle's rear motor mounts after concluding that bad rear motor mounts were the cause of the problem, and informed Plaintiff that the vibration and transmission slips were fixed.  Plaintiff was charged $135.20 for labor while the Honda dealer paid for the parts.

26.　　On December 29, 2009, with approximately 70,500 miles on the odometer, Plaintiff visited Zimbrick Honda of Madison complaining that there

1   was a "vibration" and a transmission "slip when driving 30-35 mph." The dealer

2   verified Plaintiff's concern and replaced the torque convertor. The dealer also

3   provided Plaintiff with a "goodwill" discount after which it charged Plaintiff

4   several hundred dollars for this repair. The dealer also failed to advise Plaintiff

5   about the Honda's 2009 DTB during this repair visit.

6       27.   At all times, Plaintiff, like all Class Members, has driven her vehicle

7   in a foreseeable manner and in the manner in which it was intended to be used.

8   **Defendants**:

9       28.   Defendants, Honda Motor Company, Ltd., Honda North America,

10  Inc., and American Honda Motor Co., Inc., are automobile design,

11  manufacturing, distribution, and/or servicing corporations doing business in all

12  50 states. Defendants design, manufacture, distribute, market, service, repair,

13  sell and lease passenger vehicles, including the Class Vehicles, nationwide.

14      29.   Defendant, Honda Motor Company, Ltd., 1-1, 2-chome, Minami-

15  Aoyama, Minato-ku, Tokyo 107-8556, Japan, is an automobile design,

16  manufacturing, sale, leasing, distribution, and servicing corporation organized

17  under the laws of Japan. Honda Motor Company, Ltd. is the parent and owns

18  100% of American Honda Motor Co., Inc.

19      30.   Defendant, Honda North America, Inc., has its principal place of

20  business at 700 Van Ness Avenue, Torrance, California 90501-1486.

21      31.   Defendant, American Honda Motor Co., Inc. ("AHM"), is a

22  corporation organized under the laws of the State of California and has its

23  principal place of business at 1919 Torrance Boulevard, Torrance, California

24  90501-2746. AHM is the U.S. sales, marketing, and distribution subsidiary of its

25  Japanese parent company, Honda Motor Co., Ltd. AHM is responsible for

26  importing, marketing, advertising, distributing, selling, leasing, warranting, and

27  servicing Honda vehicles in the United States. These defendants design,

28  manufacture, distribute, market, service, repair, sell, and lease passenger

vehicles, including the Class Vehicles, throughout the United States.  Moreover, Honda's wrongful conduct was planned in and emanated from California.

## JURISDICTION

32.   This is a class action.

33.   This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs.

## VENUE

34.   Venue is proper in this District under 28 U.S.C. § 1391 because at least one Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  Plaintiff's counsel's Declaration, as required under California Civil Code section 1780(d), which reflects that at least one Defendant resides in this district and that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in Los Angeles County, California, is attached as Exhibit 1.

## APPLICABLE LAW

35.   California State law applies to all claims.

## FACTUAL ALLEGATIONS

36.   For years, Honda has designed, manufactured, distributed, sold, and leased the Class Vehicles.  Upon information and belief, it has sold, directly or indirectly through dealers and other retail outlets, tens of thousands of Class Vehicles nationwide.

37.   The Class Vehicles and the torque converters of the Class Vehicles are defective.

38.   The torque converter defect affects the ability of the Class Vehicles to accelerate and maintain speed in a safe manner as well as overall transmission functionality.  As a result of this defect, the Class Vehicles vibrate or judder

1    while being driven typically at 20-45 mph or while being driven on an up or

2    down grade.  While the Class Vehicles violently vibrate or judder, the

3    transmission slips causing the Class Vehicles to hesitate for a short time in its

4    forward trajectory before abruptly and violently kicking forward with a sudden

5    burst of acceleration akin to a slingshot effect.  During these occurrences, the

6    driver's ability to maintain control over acceleration and maintaining speed is

7    greatly impaired.

8         39.    Plaintiff is informed and believes and based thereon alleges that

9    Honda acquired its knowledge of the torque converter defect through sources not

10   available to Class Members, including but not limited to pre-release testing data,

11   early consumer complaints about the torque converter defect to Honda and its

12   dealers who are its agents for vehicle repairs, testing conducted in response to

13   those complaints, aggregate data from Honda's dealers, and from other internal

14   sources.

15        40.    Honda has a duty to disclose the torque converter defect and the

16   associated repair costs to Class Vehicles owners, among other reasons, because

17   the defect poses an unreasonable safety hazard; because Honda had and has

18   exclusive knowledge or access to material facts about the Class Vehicles and

19   their torque converters that were and are not known or reasonably discoverable

20   by Plaintiff and Class Members; and because Honda has actively concealed the

21   torque converter defect from its customers.

22        41.    Hundreds, if not thousands, of purchasers and lessees of the Class

23   Vehicles have experienced the torque converter defect.  Complaints filed by

24   consumers with the NHTSA and posted on the Internet demonstrate that the

25   defect is widespread and dangerous.  The complaints also indicate Honda's

26   awareness of the defect and how potentially dangerous the defective condition is

27   (note that spelling and grammar mistakes remain as found in the original):

28

CLASS ACTION COMPLAINT

- NHTSA Complaint:  2005 HONDA ODYSSEY.  ORIGINAL OWNER OF 2005 HONDA ODYSSEY VAN. AROUND 60,000 MILES AND WHILE STILL UNDER THE HONDA CARE WARRANTY, THE CAR BEGAN TO SHUDDER AT 20-40 MPH SPEEDS WHEN SHIFTING GEARS. SIMILAR TO THE MULTIPLE COMPLAINTS ABOUT TORQUE CONVERTER AND TRANSMISSIONS. THIS IS SCARY AND I KNOW NOT WHAT COULD HAPPEN WHEN TRANSMISSION DECIDES TO LET GO COMPLETELY. LOCAL HONDA DEALER CHECKED THE VEHICLE TWO TIMES BEFORE THE WARRANTY RAN OUT (JULY OF 2010) AND "COULDN'T DUPLICATE THE PROBLEM WHEN THEY DROVE IT." ABSENT A RECALL BY HONDA TO CORRECT THIS DEFICIENCY, THE REPORTED PROBLEMS WILL CONTINUE TO GROW UNTIL SOMEONE GETS HURT. I FEEL THEY SHOULD RECALL THE VEHICLE AND FIX THE TRANSMISSION WHEN IT WAS REPORTED TO THEM MULTIPLE TIMES WHILE STILL UNDER WARRANTY.

- NHTSA Complaint:  2005 HONDA ODYSSEY.  I HAVE 2005 HONDA ODYSSEY. IT HAS TRANSMISSION PROBLEM, WHENEVER IT SHIFT GEAR AT LOW SPEED AROUND 40 MPH, IT HAS JUDDER PROBLEM. IT HAVE BEEN TOLD BY THE HONDA DEALERSHIP THAT IT WILL NEED SOFTWARE UPDATES, SO THEY DID THAT. IT DOES NOT WORK THOUGH, IT IS JUST GETTING WORST. THIS IS A SAFETY ISSUE, I HAVE SEEN A LOT OF PEOPLE HAVING THE SAME TRANSMISSION PROBLEM. THE HONDA DEALERSHIP SUGGEST CHANGING THE TORQUE CONVERTER/REPLACE THE WHOLE TRANSMISSION. THAT WILL BE VERY COSTLY. I AM HOPING YOU CAN INVESTIGATE THIS FAILURE AND STOP THE FORESEEABLE ACCIDENTS. THIS IS A DEFECT IN HONDA'S TRANSMISSION DESIGN, NOT BECAUSE OF WEAR AND TEAR. THE PROBLEM STARTED AT AROUND 95K MILES AND THE DEALERSHIP ALWAYS SUGGESTS DIFFERENT SOLUTIONS THAT LEADS TO NO FIX. THE PROBLEM GETS WORST AND NOT THEY SUGGEST REPLACING TORQUE CONVERTER.

- NHTSA Complaint:  2005 HONDA ODYSSEY.  2005 HONDA ODYSSEY TOURING VAN THIS PROBLEM STARTED A WHILE AGO WHEN THE VAN GETS TO A STEADY SPEED OF

**CLASS ACTION COMPLAINT**

APROX 40 USUALLY AT A SLIGHT INCLINE THE CAR STARTS TO JITTER OR FEEL LIKE GOING OVER RAILROAD TRACKS. NOW IT IS HAPPENING AT OTHER SPEEDS. I WAS TOLD IT WAS A CRACKED BLOCK MONTHS AGO AND HAD IT REPLACED. THIS DID NOT FIX THE PROBLEM. NOW BEING TOLD TORQUE CONVERTER WILL FIX THE PROBLEM @$1900. CALLED HONDA USA THEY SAID THE WILL NOT CONSIDER REVIEWING MY CLAIM BECAUSE OF MY MILEAGE IS NOW 100,000. OTHERS ON WEB ARE HAVING SIMILAR PROBLEMS.

- NHTSA Complaint: 2006 HONDA ODYSSEY. 2006 HONDA ODYSSEY EXL TRANSMISSION SHUDDER. EITHER A FAILING TORQUE CONVERTER OR TRANSMISSION. I AM WRITING IN CONCERN TO MY ODYSSEY TRANSMISSION. I HAVE HAD A CONSISTANT PROBLEM WITH THE TRANSMISSION SHUDDERING BETWEEN 20-40 MPH. AS IT SHUDDERS THERE IS ALSO A DROP IN RPM'S. I HAVE SPOKE WITH (2) OTHER OWNERS OF THE SAME MODEL YEAR ODYSSEY AND THEY HAVE THE SAME PROBLEM. UPON FURTHER RESEARCH I HAVE LOCATED 1000'S OF BLOGS ABOUT THIS ISSUE. THIS TO ME IS RAISES A CONCERN. THIS IS NOT NORMALLY WEAR AND TEAR FOR A TRANSMISSION. THERE IS A PROBLEM THAT HONDA ISN'T ADDRESSING…I BELIEVE IT IS SOLELY A MANUFACTURER ISSUE. I BELIEVE IT IS ALSO A SAFETY ISSUE IN WHICH HONDA KNOWS ABOUT BUT IS FAILING TO RESOLVE.

- NHTSA Complaint: 2006 HONDA ODYSSEY. OUR 2006 HONDA ODYSSEY MINIVAN HAS BEEN TAKEN FOR REPAIRS NUMEROUS TIMES TO ADDRESS FRONT END SHUDDER THAT INCREASES WITH SPEED, BECOMING NOTICEABLE AT ~25MPH AND MOST PRONOUNCED AT 60-65MPH. THE STEERING WHEEL VIBRATES LEFT-RIGHT AT A HIGH FREQUENCY AND INCREASING INTENSITY WHILE THIS SHUDDER IS HAPPENING. BRAKING EFFECTIVENESS IS MEASURABLE HAMPERED AND ONE CAN FEEL THE SHUDDER THROUGH THE BRAKE PEDAL AS THIS OCCURS. WE HAVE HAD THE TIRES REPLACED MUCH MORE FREQUENTLY THAN THEIR SCHEDULED LIFE WOULD SUGGEST NECESSARY, WE HAVE HAD THE ALIGNMENT

AND BALANCING CHECKED, AND WE HAVE ASKED
HONDA TO REPAIR THE VIBRATION PROBLEM, ALL
WITHOUT SUCCESS. ..WE HAVE EXPERIENCED A MINOR
ACCIDENT WHICH INVOLVED HITTING A CAR IN FRONT
OF US AT LOW SPEED AND I BELIEVE THIS PROBLEM
PLAYED A ROLE.

- NHTSA Complaint:  2007 HONDA ODYSSEY.  I NOTICED THE
VIBRATION ON OUR HONDA ODYSSEY ABOUT 2 MONTHS
AGO. THEN A MONTH AGO, HAD OUR PREPAID SERVICE
DONE AND ASKED THEM TO CHECK THE VIBRATION AND
THEY SAID IT'S NORMAL. THEN AFTER THAT I RECEIVED A
RECALL NOTICE FOR THE VIBRATION AND THAT THE VAN
NEEDED A COMPUTER UPDATE. SO HAD THAT DONE 3
DAYS AGO (6/27/11) AND STILL VIBRATED. BROUGHT IT
BACK AGAIN TODAY (6/30/11), TOLD THEM IT NEEDED A
NEW TORQUE CONVERTER AND IF THEY CAN CHECK THE
MOTOR MOUNTS AND THEY SAID IT NEEDED NEW TIRES
AND A COMPUTER UPDATE AGAIN TO FIX THE PROBLEM.
SO, DID THAT AND STILL HAD THE VIBRATION ISSUE. I AM
SO FRUSTRATED AND ANGRY. SO I BROUGHT IT BACK
AFTER DRIVING IT FOR ABOUT 1 MILE AND TOLD THEM
AGAIN, THAT IT'S NOT FIXED. SO NOW I'M SEEKING SOME
SORT OF ASSISTANCE AND COMPENSATION FOR ALL THE
TIME AND MONEY WASTED..THANKS

- NHTSA Complaint:  2007 HONDA ODYSSEY.  TL* THE
CONTACT OWNS A 2007 HONDA ODYSSEY. WHILE
TRAVELING AT SPEEDS OF 55 MPH, THE STEERING WHEEL
BEGAN TO VIBRATE EXCESSIVELY. THE VEHICLE WAS
TAKEN TO THE DEALER WHERE THE TORQUE CONVERTER
WAS REPLACED. THERE WERE NO PRIOR WARNINGS. THE
FAILURE MILEAGE WAS 15,000 AND THE CURRENT
MILEAGE WAS 60,000.

- NHTSA Complaint:  2007 HONDA ODYSSEY.  TRANSMISSION
DOES NOT SHIFT SMOOTHLY, ESPECIALLY WHEN COMING
TO A STOP YOU CAN FEEL AND HEAR THE TRANSMISSION
DOWN SHIFTING. FIRST WE COULD FEEL THE ENGINE
JUTTER BETWEEN 35 - 40 MPH WHEN UPSHIFTING. DEALER
SAID IT NEEDED A SOFTWARE UPGRADE. WE GOT THE
SOFTWARE UPGRADE - MADE IT WORSE. THEY THEN SAID

IT NEEDED A NEW TORQUE CONVERTER. THE NEW TORQUE CONVERTER FIXED THE JUTTERING, NOW THE DOWNSHIFTING IS NOT SMOOTH. WE TOOK IT TO THE DEALER AGAIN AND THEY ARE TELLING US IT'S FINE. I'VE SPOKEN TO A MECHANIC AND HE MENTIONED THAT HE HAS HEARD A LOT OF COMPLAINTS REGARDING THE ODYSSEY'S TRANSMISSION.

- NHTSA Complaint:  2008 HONDA ODYSSEY.  THE CAR HAS BEEN VIBRATING WHEN ACCELERATING FOR ABOUT 10,000 MILES. I TOOK IT IN AND THEY UPDATED THE SOFTWARE AND IT IS 3X WORSE THEN BEFORE. I HAVE 33,000 MILES ON IT AND I WAS TOLD THE NEXT STEP IS FOR ME TO PAY FOR A TRANSMISSION FLUSH AND IF THAT DOES NOT FIX IT THEN THEY WILL REPLACE THE TORQUE CONVERTER. WHY SHOULD I HAVE TO PAY FOR THIS UNDER WARRANTY, IF THEY ARE JUST DELAYING FIXING THE REAL ISSUE. *TR

- NHTSA Complaint:  2009 HONDA ODYSSEY.  2009 HONDA ODYSSEY - VEHICLE HAS MODERATE VIBRATION AT AROUND 40 MPH. ROOT CAUSE ACCORDING TO HONDA IS DEFECTIVE TORQUE CONVERTER CLUTCH. HAVE NOT VERIFIED ROOT CAUSE WITH INDEPENDENT SOURCE. NO ACCIDENT REPORTED AS OF 10/26/09. *TR

42.     Although Honda was aware of the widespread nature of the torque converter defect in the Class Vehicles, Honda took no steps to notify customers of the defect or to provide any relief until on or around July 2009— approximately four years after most of the Vehicles had been placed in the marketplace.  At that late stage, after most of the Vehicles had already been sold or leased and many Class Members had already replaced the torque converter and repaired the transmission as well as other related parts without adequate reimbursement, Honda issued a TSB to its dealers where it began to cover certain costs associated with a temporary fix of the torque converter defect (*i.e.*, updating the PCM A/T (powertrain control module) software).  The TSB only

1   applied to all 2007 and 2008 Honda Odyssey vehicles and only select 2009

2   Honda Odyssey LX, EX, EX-L, and Touring vehicles, instead of to all Class

3   Vehicles, which are composed of all 2005 through 2009 Honda Odyssey

4   vehicles.

5   43.   In July 2009, Honda advised consumers about the defect alleged

6   herein but it failed to inform them that the defect is safety related. Specifically,

7   instead of disclosing to consumers the existence of the torque converter defect,

8   Defendants concealed the defect by simply notifying consumers that the judder

9   could be "minimized with a reprogramming of the software used to control the

10  transmission," and did not state that the appropriate remedy for the torque

11  converter defect would be to replace the torque converter. Even worse, Honda

12  never informed these consumers that it was safety related as they had done with

13  respect to their own dealers when they informed said dealers that "injury or

14  property damage" were possible results of the defect.  Moreover, as discussed

15  above, Defendants never informed any consumers of the 2005 through 2006

16  Honda Odyssey vehicles because those vehicles were outside warranty, even

17  though Defendants knew the defect was a safety-related issue.

18  44.   Customers have reported the torque converter defect in the Class

19  Vehicles to Honda directly and through its dealers.  Defendants are fully aware

20  of the torque converter contained in the Class Vehicles.  Despite this, Defendants

21  have actively concealed the existence and nature of the defect from Plaintiff and

22  the Class Members at the time of purchase or repair and thereafter.  Specifically,

23  Defendants have:

24  a.   failed to disclose, at and after the time of purchase or repair

25  and thereafter, any and all known material defects or material

26  nonconformities of the Class Vehicles, including the torque

27  converter defect and, among others, the premature

28  transmission repair costs;

b. failed to disclose at the time of purchase or repair that the Class Vehicles and their torque converters were not in working order, were defective, and were not fit for their intended purpose; and

c. failed to disclose or actively concealed the fact that the Class Vehicles and their torque converter were defective, despite the fact that Defendants learned of such defects as early as 2005.

45. Defendants have caused Plaintiff and Class Members to expend money at its dealerships or other third-party repair facilities and/or take other remedial measures related to the torque converter contained in the Class Vehicles.

46. Defendants have not recalled the Class Vehicles to repair the torque converter, has not offered to its customers a suitable repair or replacement of parts free of charge related to the torque converter, and has not offered to reimburse Class Vehicle owners and leaseholders who incurred costs relating to repairs related to the torque converter.

47. Class Members have not received the value for which they bargained when they purchased or leased the Class Vehicles.

48. As a result of the defect, the value of the Class Vehicles has diminished, including without limitation the resale value of the Class Vehicles.

49. Plaintiff and Class Members expect and assume that Defendants will not sell or lease vehicles with known safety defects, such as the torque converter defect, and will disclose any such defects to its consumers when it learns of the defect.  They do not expect Defendants to fail to disclose the torque converter defect to them, or to continually deny the defect.

50. Class Members also do not expect Defendants to perform temporary repairs when permanent, appropriate repairs are available and to charge them

1   hundreds, and in many instances thousands, of dollars to replace all or part of

2   their torque converters with defective parts that are only temporary fixes that will

3   only delay manifestation of the problem.

4         51.    Specifically, Honda has caused Class Members to expend money at

5   its dealerships or other third-party repair facilities to repair or replace the Class

6   Vehicles' torque converters despite Honda's knowledge of the defect.

7                 **TOLLING OF THE STATUTE OF LIMITATIONS**

8         52.    Because the defects in the design or manufacturer of the Class

9   Vehicles and their torque converters cannot be detected until the defect manifests

10   itself, Plaintiff and the Class Members were not reasonably able to discover the

11   problem until after purchasing or leasing the Class Vehicles, despite their

12   exercise of due diligence.

13         53.    Plaintiff and the Class Members had no realistic ability to discern

14   that the Class Vehicles and their torque converters are defective until they

15   experienced the violent vibrations or judder and transmission slippage.  In

16   addition, despite their due diligence, Plaintiff and the Class Members could not

17   reasonably have been expected to learn or discover that they were deceived and

18   that material information concerning the Class Vehicles and their torque

19   converter was concealed from them.  Therefore, the discovery rule is applicable

20   to the claims asserted by Plaintiff and the Class Members.

21         54.    In addition, even after class members contacted Honda and/or its

22   authorized agents for vehicle repairs in California concerning the defective

23   nature of the Class Vehicles, Plaintiff and Class Members were routinely told by

24   Honda and/or through its authorized agents for vehicle repairs that the Class

25   Vehicles are not defective and that the vibrations or judder and transmission slips

26   could not be duplicated by Honda's authorized agents for vehicle repairs or were

27   attributable to causes other than the defects in the Class Vehicles such as, for

28   example, rear motor mounts, or the need for a transmission flush or that they

were repaired per PCM update while concealing the true nature of the defect and the alleged permanent fix.

55.    Any applicable statute of limitation has therefore been tolled by Honda's knowledge, active concealment, and denial of the facts alleged herein. Honda is further estopped from relying on any statute of limitation because of its concealment of the defective nature of the Class Vehicles and their torque converter.

## CLASS ACTION ALLEGATIONS

56.    Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Plaintiff Class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

57.    The Class and Sub-Class are defined as:

Class:    All purchasers and lessees of any 2005 through 2009 Honda Odyssey vehicles who reside in the United States.

Sub-Class:    All Members of Class I who are "consumers" within the meaning of California Civil Code section 1761(d) ("the CLRA Sub-Class").

58.    Excluded from the Class and Sub-Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

59.     Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendants' possession, custody, or control, as well as from records kept by the Department of Motor Vehicles of various states.

60.     Typicality: The claims of representative Plaintiff is typical of the claims of the Class in that the representative Plaintiff, like all Class Members, purchased and leased Class Vehicles designed, manufactured, and distributed by Honda in which the torque converters were defective.  The representative Plaintiff, like all Class Members, has been damaged by Defendants' misconduct in that she has incurred or will incur the cost of repairing the torque converter defect and its related parts.  Furthermore, the factual bases of Honda's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all Class Members.

61.     Commonality: There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

a.      whether Class Vehicles suffer from the torque converter defect;

b.      whether the torque converter defect constitutes an unreasonable safety risk;

c.      whether Defendants knows about the torque converter defect and, if so, how long Defendants have known of the defect;

**CLASS ACTION COMPLAINT**

1        d.     whether the defective nature of the Class Vehicles and their

2              torque converters constitute a material fact;

3        e.     whether Defendants have a duty to disclose the defective

4              nature of the Class Vehicles and their torque converters to

5              Plaintiff and Class Members;

6        f.     whether Plaintiff and the other Class Members are entitled to

7              equitable relief, including but not limited to a preliminary

8              and/or permanent injunction; and

9        g.     whether Defendants knew or reasonably should have known

10             of the torque converter defect contained in the Class Vehicles

11             before it sold or leased them to Class Members.

12     62.    Adequate Representation:  Plaintiff will fairly and adequately

13 protect the interests of the Class Members.  Plaintiff has retained attorneys

14 experienced in the prosecution of class actions, including consumer and product

15 defect class actions, and Plaintiff intends to prosecute this action vigorously.

16     63.    Predominance and Superiority: Plaintiff and the Class Members

17 have all suffered and will continue to suffer harm and damages as a result of

18 Defendants' unlawful and wrongful conduct.  A class action is superior to other

19 available methods for the fair and efficient adjudication of the controversy.

20 Absent a class action, most Class Members would likely find the cost of

21 litigating their claims prohibitively high and would therefore have no effective

22 remedy at law.  Because of the relatively small size of the individual Class

23 Members' claims, it is likely that only a few Class Members could afford to seek

24 legal redress for Defendants' misconduct.  Absent a class action, Class Members

25 will continue to incur damages, and Defendants' misconduct will continue

26 without remedy.  Class treatment of common questions of law and fact would

27 also be a superior method to multiple individual actions or piecemeal litigation in

28

**CLASS ACTION COMPLAINT**

that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

(Violation of California's Consumer Legal Remedies Act,

California Civil Code § 1750, *et seq.*)

64. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

65. Plaintiff brings this cause of action on behalf of herself and on behalf of the members of the CLRA Sub-Class.

66. Defendants are a "person" as defined by California Civil Code § 1761(c).

67. Plaintiff and Class Members are "consumers" within the meaning of California Civil Code § 1761(d).

68. By failing to disclose and concealing the defective nature of the Class Vehicles and their torque converters from Plaintiff and prospective Class Members, Defendants violated California Civil Code § 1770(a), as it represented that its Class Vehicles and their torque converters had characteristics and benefits that they do not have, and represented that its Class Vehicles and their torque converters were of a particular standard, quality, or grade when they were of another. *See* Cal. Civ. Code §§ 1770(a)(5) & (7).

69. Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

70. Defendants knew that its Class Vehicles and their torque converters suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

71.     Defendants were under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles and their torque converters and/or the associated repair costs because:

        a.     Defendants were in a superior position to know the true state of facts about the safety defects contained the Class Vehicles and their torque converters;

        b.     Plaintiff and the Class Members could not reasonably have been expected to learn or discover that their torque converters have a dangerous safety defect until they experienced the vibrating or judder effects and transmission slippage while driving; and

        c.     Defendants knew that Plaintiff and the Class Members could not reasonably have been expected to learn about or discover the safety defect.

72.     In failing to disclose the torque converter defect, Defendants have knowingly and intentionally concealed material facts and breached its duty not to do so.

73.     The facts concealed or not disclosed by Defendants to Plaintiff and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Class Vehicles, or to pay less for them.  Had Plaintiff and other Class Members known that the Class Vehicles and their torque converters were defective, they would not have purchased the Class Vehicles or would have paid less for them.

74.     Plaintiff and the Class Members are reasonable consumers who do not expect their torque convertors to prematurely fail.  Plaintiff and Class Members further expect and assume that Honda will not sell or lease vehicles

CLASS ACTION COMPLAINT

1  with known safety defects, such as the torque convertor defect, and will disclose

2  any such defect to its consumers when it learns of the defect.

3       75.    As a result of Defendants' misconduct, Plaintiff and Class Members

4  have been harmed and have suffered actual damages in that the Class Vehicles

5  and their torque converters are defective and have failed and are substantially

6  certain to fail before their expected useful life has run.

7       76.    As a direct and proximate result of Defendants' unfair or deceptive

8  acts or practices, Plaintiff and Class Members have suffered and will continue to

9  suffer actual damages.

10       77.    Plaintiff and the Class are entitled to equitable relief.

11       78.    Plaintiff has provided Hondawith notice of its alleged violations of

12  the CLRA pursuant to California Civil Code § 1782(a).  If, within 30 days of the

13  date of the notification letter, Defendants fail to provide appropriate relief for its

14  violation of the CLRA, Plaintiff will amend this Complaint to seek monetary,

15  compensatory, and punitive damages, in addition to the injunctive and equitable

16  relief that he seeks now.

17  **SECOND CAUSE OF ACTION**

18  (Violation of California Business & Professions Code § 17200, *et seq.*)

19       79.    Plaintiff hereby incorporates by reference the allegations contained

20  in the preceding paragraphs of this Complaint.

21       80.    Plaintiff brings this cause of action on behalf of themselves and on

22  behalf of the Class Members.

23       81.    California Business & Professions Code § 17200 prohibits acts of

24  "unfair competition," including any "unlawful, unfair or fraudulent business act

25  or practice" and "unfair, deceptive, untrue or misleading advertising."

26       82.    Defendants knew its Class Vehicles and their torque converters

27  suffered from an inherent defect, were defectively designed or manufactured,

28  would fail prematurely, and were not suitable for their intended use.

83.     In failing to disclose the torque converter defect, Defendants have knowingly and intentionally concealed material facts and breached its duty not to do so.

84.     Defendants were under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles and their defective torque converters:

a. Defendants were in a superior position to know the true state of facts about the safety defect in the Class Vehicles and their torque converters;

b. Defendants made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles and their torque converters; and

c. Defendants actively concealed the defective nature of the Class Vehicles and their torque converters from Plaintiff and Class Members.

85.     The facts concealed or not disclosed by Defendants to Plaintiff and the Class Members are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase Defendants' Class Vehicles, or to pay less for them.  Had Plaintiff and other Class Members known that the Class Vehicles' suffered from the torque converter defect described herein, they would not have purchased the Class Vehicles or would have paid less for them.

86.     Defendants continue to conceal the defective nature of the Class Vehicles and their torque converters even after Class Members began to report problems.  Indeed, Defendants continue to cover up and conceal the true nature of the problem, while simply updating the PCM A/T (powertrain control module) software of the Class Vehicle to ensure that the defect will manifest itself outside of the warranty period.

CLASS ACTION COMPLAINT

87.   By its conduct, Defendants have engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

88.   Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business, and were capable of deceiving a substantial portion of the purchasing public.

89.   As a direct and proximate result of Defendants' unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

90.   Defendants have been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

## THIRD CAUSE OF ACTION

(Fraud by Omission)

91.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

92.   Plaintiff brings this cause of action on behalf of herself and on behalf of the Class Members.

93.   Defendants knew or should have known that the Class Vehicles and their torque converters were defectively designed or manufactured, would fail, and were not suitable for their intended use.

94.   Defendants concealed from and failed to disclose to Plaintiff and the Class the defective nature of the Class Vehicles and their torque converters.

95.   Defendants were under a duty to Plaintiff and the Class to disclose the defective nature of the Class Vehicles and their torque converters because:

    a.   Defendants were in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles and their torque converter;

    b.   Defendants made partial disclosures about the quality of the

1    Class Vehicles without revealing the defective nature of their

2    torque converters; and

3         c.    Defendants actively concealed the defective nature of the Class

4    Vehicles and their torque converters from Plaintiff and the

5    Class.

6         96.    The facts concealed or not disclosed by Defendants to Plaintiff and

7    the Class Members are material in that a reasonable person would have

8    considered them to be important in deciding whether to purchase Defendants'

9    Class Vehicles or pay a lesser price for them.  Had Plaintiff and the Class

10   Members known the defective nature of the Class Vehicles and their torque

11   converters, they would not have purchased the Class Vehicles or would have

12   paid less for them.

13        97.    Defendants concealed or failed to disclose the true nature of the

14   design or manufacturing defects contained in the Class Vehicles and their torque

15   converter in order to induce Plaintiff and the Class Members to act thereon.

16   Plaintiff and the Class Members justifiably relied on this omission to their

17   detriment.  This detriment is evident from Plaintiff's and the Class Members'

18   purchase or lease of Defendants' Class Vehicles.

19        98.    Defendants continued to conceal the defective nature of the Class

20   Vehicles and their torque converters even after Class Members began to report

21   the problems.  Indeed, Defendants continue to cover up and conceal the true

22   nature of the problem, even though it is aware of an alternative repair, which,

23   according to Defendants' 2009 TSB, can allegedly remedy the problem.

24        99.    As a direct and proximate result of Defendants' misconduct,

25   Plaintiff and the Class have suffered and will continue to suffer actual damages.

26

27

28

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

**(Breach of Written Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*)**

100.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

101.   Plaintiff brings this action on behalf of herself and on behalf of the Nationwide Class against all Defendants.

102.   Plaintiff and the other Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

103.   Honda is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

104.   The Class Vehicles are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

105.   Honda's express warranty is a "written warranty" within the meaning of 15 U.S.C. § 2301(6).

106.   Honda breached the express warranty by:

    a.    Extending a 3 year/36,000 miles New Vehicle Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

    b.    Selling and leasing Class Vehicles with torque converters that were defective in material and workmanship, requiring repair or replacement within the warranty period; and

    c.    Refusing to honor the express warranty by repairing or replacing, free of charge, the torque converter or any of its component parts and instead charging for the repair and replacement parts.

107.   Honda's breach of the express warranty has deprived the Plaintiff and the other Class members of the benefit of their bargain.

108.   The amount in controversy of the Plaintiff's individual claims meet or exceeds the sum or value of $25,000. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

109.   Honda has been afforded a reasonable opportunity to cure its breach of written warranty, including when Plaintiff and other Class members brought their vehicles in for diagnoses and repair of their torque converters.

110.   As a direct and proximate cause of Honda's breach of written warranty, Plaintiff and Class members sustained damages and other losses in an amount to be determined at trial.  Honda's conduct damaged Plaintiff and Class members, who are entitled to recover actual damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

**FIFTH CAUSE OF ACTION**

**(For Breach of Express Warranty Under CAL. COMM. CODE § 2313)**

111.   Plaintiff, on behalf of herself and all others similarly situated, re-allege, as if fully set forth, each and every allegation set forth herein.

112.   Honda provided all purchasers and lessees of the Class Vehicles with the express warranty described herein, which became a material part of the bargain.  Accordingly, Honda's express warranty is an express warranty under California law.

113.   The torque converter and its component parts were manufactured and/or installed by Honda in the Class Vehicles and are covered by the express warranty.

114.   Honda breached the express warranty by:

  a. Extending a 3 year/36,000 miles New Vehicle Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

  b. Selling and leasing Class Vehicles with torque converters that were defective in material and workmanship, requiring repair or replacement within the warranty period; and

  c. Refusing to honor the express warranty by repairing or replacing, free of charge, the torque converter or any of its component parts and instead charging for repair and replacement parts.

115. Although not required, Plaintiff notified Honda of the breach within a reasonable time and/or was not required to do so because affording Honda a reasonable opportunity to cure its breach of written warranty would have been futile.  Honda was also on notice of the defect from the complaints and service requests it received from Class Members, from repairs and/or replacements of the torque converter or a component thereof, and through its own maintenance records and other internal data.

116. As a direct and proximate cause of Honda's breach, Plaintiff and the other Class Members have suffered damages and continue to suffer damages, including economic damages at the point of sale or lease, that is, the difference between the value of the vehicle as promised and the value of the vehicle as delivered.  Additionally, Plaintiff and the other Class Members either have incurred or will incur economic damages at the point of repair in the form of the cost of repair.

117. Plaintiff and the other Class Members are entitled to legal and equitable relief against Honda, including actual damages, consequential

1   damages, specific performance, rescission, attorneys' fees, costs of suit, and
2   other relief as appropriate.

**RELIEF REQUESTED**

4   118.   Plaintiff, on behalf of herself, and all others similarly situated,
5   requests the Court to enter judgment against Defendants, and accordingly,
6   request the following:

7       a.   An order certifying the proposed Class and Sub-Class, designating
8            Plaintiff as named representative of the Class, and designating the
9            undersigned as Class Counsel;

10      b.   A declaration that Defendants are financially responsible for
11           notifying all Class Members about the defective nature of the Class
12           Vehicles and their torque converters;

13      c.   An order enjoining Defendants from further deceptive distribution,
14           sales, and lease practices with respect to its Class Vehicles, and to
15           remove and replace Plaintiff and Class Members' torque converters
16           with a suitable alternative product and repair all other damages to
17           the Class Vehicles caused by the defective torque converters;

18      d.   An award to Plaintiff and the Class of compensatory, exemplary,
19           and statutory damages, including interest, in an amount to be proven
20           at trial, except that for now, Plaintiff seeks only equitable and
21           injunctive relief with respect to her claims under California's
22           Consumer Legal Remedies Act, California Civil Code section 1750
23           *et seq.*;

24      e.   A declaration that Defendants must disgorge, for the benefit of the
25           Class, all or part of the ill-gotten profits it received from the sale or
26           lease of its Class Vehicles, or make full restitution to Plaintiff and
27           Class Members;

28      f.   An award of attorneys' fees and costs, as allowed by law;

g. An award of attorneys fees and costs pursuant to California Code of Civil Procedure § 1021.5;

h. An award of pre-judgment and post-judgment interest, as provided by law;

i. Leave to amend the Complaint to conform to the evidence produced at trial; and

j. Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

119. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: November 8, 2011

By: _____

Gene Williams
David M. Medby
Sue J. Kim
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV11- 9311 SVW (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address
Gene Williams (SBN 211390) GWilliams@InitiativeLegal.com
David M. Medby (SBN 227401) DMedby@InitiativeLegal.com
Sue J. Kim (SBN 256392) SKim@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor, Los Angeles, California 90067
Telephone: (310) 556-5637   Facsimile:  (310) 861-9051

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA HEINTZ, individually, and on behalf of other members of the general public similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation, HONDA NORTH AMERICA, INC., AND HONDA MOTOR COMPANY, LTD.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-09311SVW (MRWx)<br><br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within  2 1 _ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Initiative Legal Group APC_ _____, whose address is _1800 Century Park East, 2nd Floor Los Angeles, California 90067_ _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: November 8, 2011 _____

By: _____
                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address
Gene Williams (SBN 211390) GWilliams@InitiativeLegal.com
David M. Medby (SBN 227401) DMedby@InitiativeLegal.com
Sue J. Kim (SBN 256392) SKim@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor, Los Angeles, California 90067
Telephone: (310) 556-5637  Facsimile: (310) 861-9051

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA HEINTZ, individually, and on behalf of other members of the general public similarly situated, <br> PLAINTIFF(S) <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., a California corporation, HONDA NORTH AMERICA, INC., AND HONDA MOTOR COMPANY, LTD., <br> DEFENDANT(S). | **CASE NUMBER** <br><br> CV11-09311 SVW(MRWx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Initiative Legal Group APC_____, whose address is _1800 Century Park East, 2nd Floor Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _November 8, 2011_____

By: _____
**JULIE PRADO**
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STAT**ES **DISTRICT COURT, CENTRAL DISTRICT** OF **CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LAURA HEINTZ, individually, and on behalf of other members of the general public similarly situated,

**DEFENDANTS**
AMERICAN HONDA MOTOR CO., INC., a California corporation, HONDA NORTH AMERICA, INC., AND HONDA MOTOR COMPANY, LTD.,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Sue J. Kim (SBN 256392) SKim@InitiativeLegal.com
1800 Century Park East, 2nd Floor; Los Angeles, California 90067; Telephone: (310) 556-5637 Facsimile: (310) 861-9051 (See attachment to civil cover sheet)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332(d) CAFA; 15 U.S.C. Section 2301 et seq.; state law causes of action for violations of consumer protection statutes

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-09311

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Laura Heintz - Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| AMERICAN HONDA MOTOR CO., INC - Los Angeles County<br>HONDA NORTH AMERICA, INC. - Los Angeles County | HONDA MOTOR COMPANY, LTD. - Japan |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | All counties in the State of California |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note</u>: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 8, 2011

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1
2
3

# ATTACHMENT TO CIVIL COVER SHEET

4  *Additional Counsel for Plaintiff Laura Heintz is as follows:*

5  Gene Williams (SBN 211390)
6  GWilliams@InitiativeLegal.com
   David M. Medby (SBN 227401)
7  DMedby@InitiativeLegal.com
   Initiative Legal Group APC
8  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
9  Telephone:  (310) 556-5637
   Facsimile:  (310) 861-9051
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067